FILED

Mariano K Yeo
PO Box 3210
Tustin, CA 92781
949-689-7729
Plaintiff, pro se.

2012 JUL 30 PM 4: 12

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
SANTA ANA

**IN THE UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

CV 12-06559 PA (FMOx)

| | |
|---|---|
| Mariano K. Yeo,<br><br>          Plaintiff,<br><br>     v.<br><br>Hunt & Henriques,<br>Michael S. Hunt,<br>Janalie A. Henriques,<br><br>          Defendants. | CASE NO.:<br><br><br>**FCRA AND FDCPA COMPLAINT.**<br>**DEMAND FOR JURY TRIAL.** |

## **COMPLAINT**

1.  This is an action for damages brought from violations of the Fair Credit Reporting
    Act     (FCRA) 15 U.S.C. §1681 *et seq* and the Fair Debt Collection Practices Act
    (FDCPA)15 U.S.C. § 1692(e)(2), 1692f , 1692(f)(1) and 15 U.S.C.§2042g(b).

## **PARTIES**

2.  Plaintiff,  Mariano K. Yeo,  is a natural person and is a resident of the State of
    California.

3.  Upon information and belief, Defendants,  Hunt & Henriques Law Group, Mr
    Michael S. Hunt, and Ms Janalie A. Henriques,  are debt collectors as that term is

defined by *Cal. Civ. Code §1788.2(c).* Defendants illegally harass and attempt to collect a debt which does not belong to Plaintiff.

## PRELIMINARY STATEMENT

4.  This is an action for damages and injunctive relief brought by Plaintiff against Defendants for violations of the Fair Debt Collection Practices Act (FDCPA)15 U.S.C. § 1692f, Fair Debt Collection Practices Act (FDCPA) 15 USC § 1692f(1) and 15 U.S.C.§2042g(b), Fair Credit Reporting Act (FCRA) 15 U.S.C. §1681n

5.  Upon belief and information, Plaintiff contends that many of these practices are widespread for some or all of the Defendants. Plaintiff intends to propound discovery to Defendants identifying these other individuals who have suffered similar violations.

6.  Plaintiff contends that the Defendants have violated the above Federal laws by repeatedly harassing Plaintiff in attempts to collect an alleged debt which does not belong to Plaintiff.

## JURISDICTION

7.  The jurisdiction of this Court is conferred by 15 U.S.C. §1681p and supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. §1367.

8.  Venue is proper pursuant to 28 U.S.C. §1391b. Venue in this District is proper in that the Plaintiff resides here and the Defendants transact business here.

## FACTUAL ALLEGATIONS

9.  On or about July 1, 2010, Plaintiff filed a lawsuit for open book and stated account against Defendant in the Superior Court of Orange County. Defendant was never served with this lawsuit. Defendant does not even own this alleged debt account.

10. Plaintiff sent a Request for Validation of Debt to Defendants by Certified Mail, on or about July 27, 2012, allowing Defendants an opportunity to cure. See Exhibit P1.

11. Plaintiff has not answered or provided any competent evidence that Defendant have any legal obligation to pay Plaintiff.

12. Defendants never lent any money to Plaintiff and Plaintiff believes there is no evidence to the contrary.

13. Plaintiff never signed a Note or Contract, exhibiting all the necessary requirements of a contract by operation of law for the debt allegedly owed to the Defendants and Plaintiff believes there is no evidence to the contrary.

14. Defendants has failed to disclose origin of any loan or money lent and Plaintiff believes there is no evidence to the contrary.

15. Defendants has failed to disclose history or provenance of any loan or money lent and Plaintiff believes there is no evidence to the contrary.

16. Defendants has never produced evidence that they loaned United States Dollars as required by Federal Law and United States Treasury Regulations.  This failure or omission or even negligent behavior is an illegal act, **a felony**.  Plaintiff never saw any money and is unaware of any contract for loan proceeds that exists between Plaintiff and Defendants and Plaintiff believes there is no evidence to the contrary.

## COUNT I

## VIOLATION OF FAIR CREDIT REPORTING ACT (FCRA), 15 U.S.C. §1681

## WILLFUL NON-COMPLIANCE BY DEFENDANTS

17. Plaintiff is a consumer within the meaning of the FCRA, 15 U.S.C. §1681a(c).

18. Defendants are furnishers of information within the meaning of the

FCRA, 15 U.S.C. §1681s-2.

19. Defendants willfully violated the FCRA. Defendants' violations

include, but are not limited to, the following:

(a) Defendants willfully violated FCRA, 15 U.S.C. §1681n by reporting an illegal

1     debt to Plaintiff's consumer report.

2

3

4     WHEREFORE, Plaintiff demands judgment for damages against each Defendant, for

5     statutory damages, and punitive damages that would include any adverse ruling in state court,

      pursuant to 15 U.S.C. § 1692, and attorney's fees and costs, pursuant to 15 U.S.C. §1681n.

6

7

8                                   **COUNT II**

9

10    **VIOLATION OF FAIR CREDIT REPORTING ACT (FCRA), 15 U.S.C. §1681**

11

12                  **NEGLIGENT NON-COMPLIANCE BY DEFENDANTS**

13

14       20.  Plaintiff is a consumer within the meaning of the FCRA, 15 U.S.C. §1681a(c).

15

16       21. Defendants are furnishers of information within the meaning of the

17

18          FCRA, 15 U.S.C. §1681s-2.

19

20       22.  Defendants negligently violated the FCRA. Defendants' violations

21

22          include, but are not limited to, the following:

23

24          (a) LVNV Funding, LLC. negligently violated 15 U.S.C. §1681b(f)

25          by obtaining Plaintiff's consumer report without a permissible purpose as defined

26

27          by15 U.S.C. §1681b.

28

WHEREFORE, Plaintiff demands judgment for damages against Defendants for actual damages, and attorney's fees and costs, pursuant to 15 U.S.C. 1681o.

## COUNT III

## VIOLATION OF FAIR DEBT COLLECTION PRACTICES ACT (FDCPA), 15 .S.C. §1692 BY DEFENDANTS.

23. Plaintiff alleges and incorporates the information in paragraphs above.

24. Plaintiff is a consumer within the meaning of the FDCPA, 15 U.S.C. §1692a(3)

25. Defendants are debt collectors within the meaning of the FDCPA, 15 U.S.C. §1692a(6).

26. Defendants violated the FDCPA. Defendants' violations include, but are not limited to, the following:

(a) Defendants violated 15 U.S.C. §1692e(2) by falsifying the character, amount and legal status of the alleged debt.

(b) Defendants violated 15 U.S.C. §1692f by conducting an unfair and unconscionable means to collect or attempt to collect the alleged debt that does not belong to consumer.  Thereby Defendants defrauded the court and Plaintiff.

(c) Defendants violated 15 U.S.C. §1692f(1) by the collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law.

(d) Defendants continued collection activity after receiving notice of dispute, and failed to provide written validation of debt before resuming collection activities, in violation of 15 U.S.C.§2042g(b).

WHEREFORE, Plaintiff demands judgment for damages against each Defendant, for statutory damages, and punitive damages that would include any adverse ruling in state court, pursuant to 15 U.S.C. § 1692, and attorney's fees and costs, pursuant to 15 U.S.C. §1681n.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a trial by jury of all issues so triable as a matter of law.

Respectfully submitted this 28 day of  July, 2012

*Mariano Yeo*

Mariano K. Yeo

Plaintiff.

Mariano K. Yeo

PO Box 3210

Tustin, CA 92781

949-689-7729

marianoyeo@yahoo.com

| EXHIBIT P1 |

Michael S. Hunt

Hunt & Henriques, Attorneys at

151 Bernal Rd, Ste 8

San Jose, CA 95119

Date: July 26, 2012

Re: Case NO.: 30-2010-00386648-CL-CL-CJC; Alleged Creditor: Citibank South Dakota, N.A.

### REQUEST FOR VALIDATION

Greetings:

Thank you for your recent inquiry. This is not a refusal to pay, but a notice that your claim is disputed.

This is a <u>request for validation</u> made pursuant to the Fair Debt Collection Practices Act. I am entitled to validate your claim per UCC 3-501(b), in order to determine the validity of your presentment. I dispute your debt collection related allegations, deny the same, and demand strict proof and verification thereof.

I will require the following:

    1. A certified copy of a Contract with both parties' wet signatures showing the agreement in question to be <u>binding & valid</u>; AND

    2. Pursuant to the UCC 9-102(7)(a)(b), an <u>Authenticated Invoice</u> or <u>sworn affidavit</u> by your office, signed under full commercial liability; AND

    3. If you are a third party debt collector:

        a. Provide documentation of your authority to act in behalf of the assignor.

1

      b. Complete the enclosed "DEBT COLLECTOR DISCLOSURE STATEMENT",

2

This document must be complete in accord with the "Fair Credit Reporting Act," at [15 USC 1681

3

et seq.], and the "Fair Debt Collection Practices Act," at [15 USC 1692 et seq.], and the applicable

4

portions of "Truth in Lending" (Regulation ---Z), at 12 CFR part 226 et seq., and demands as cited

above "Offer of Performance."

5

This dispute, denial, and demand are made in accordance with federal and state law. Until such

6

time as you are able to provide the demanded information please consider this as a continuing

7

formal dispute regarding all charges, finance charges, penalties and other fees related to the above

8

alleged noted account. In the event that you are unable or unwilling to properly respond to this

9

notice and demand, please send me a billing statement or other communication indicating a zero

10

balance due on the account.

11

Your failure, per UCC 1-201(b)(17), to provide me with my requests and Demand within <u>ten (10)</u>

12

<u>days</u> will be construed as a waiver of any and all claims regarding the above-listed account, and

13

will act as a confirmation that no further action may be taken on your part with respect to the

subject account.

14

<u>Please limit your communication with me to writing only.</u> If I receive any telephone calls from

15

your company, I will consider them to constitute harassment. Please be advised that unwanted

16

telephone calls are a class 1 misdemeanor in this state and I will file a complaint against the caller

17

with the attorney general's office. I maintain a telephone log of each phone call and in some cases,

18

make an audio recording when necessary.

19

Be advised that you have the right to remain silent. If you ignore this notice and contact me by

20

telephone, you and your employees agree to allow me to make an audio recording of our

21

conversation and you and your employees agree to allow the recording and any other information

22

obtained to be used against you and your employees in a court of law. I will accept only your

written communication.

23

24

Best regards,

25

*Mariano K. Yeo*

26

_____

27

Mariano K. Yeo

28

**DEBT COLLECTOR DISCLOSURE STATEMENT**

*This statement and the answers contained herein may be used, if necessary, in any court of competent jurisdiction.*

**Notice**: This Debt Collector Disclosure Statement is not a substitute for, nor the equivalent of, the herein-requested verification of the record, i.e. "*Confirmation of correctness, truth, or authenticity, by affidavit, oath, or deposition*" (Black's Law Dictionary, Sixth Edition, 1990), re the alleged debt, and must be completed in accordance with the *Fair Debt Collection Practices Act*, 15 USC §1692g, applicable portions of *Truth in Lending (Regulation Z)*, 12 CFR 226. Debt Collector must make all required disclosures clearly and conspicuously in writing re the following:

1. Name of Debt Collector:
   ..................................................................................................................
   ..............

2. Address of Debt Collector:
   ..................................................................................................................
   ............

3. Name of alleged Debtor:
   ..................................................................................................................
   ..............

4. Address of alleged Debtor:
   ..................................................................................................................
   ..........

5. Alleged Account Number:
   ..................................................................................................................
   ............

6. Alleged debt owed:
   $.................................................................................................................
   ....................

7. Date alleged debt became payable:
   ..................................................................................................................
   ........................................................_____

8. Re this alleged account, what is the name and address of the alleged Original Creditor, if different from Debt Collector?

   ..................................................................................................................
   ...........................................................

9. Re this alleged account, if Debt Collector is different from alleged Original Creditor, does Debt Collector have a bona fide affidavit of assignment to enter into alleged original contract between alleged Original Creditor and alleged Debtor?     YES   NO

10. Did Debt Collector purchase this alleged account from the alleged Original Creditor?    YES   NO   N/A (Not Applicable)

11. If applicable, date of purchase of this alleged account from alleged Original Creditor, and purchase amount:

    Date: ………………………………………………
    Amount:$……..……………..……………………………………..………………

12. Did Debt Collector purchase this alleged account from a previous debt collector?    YES   NO   N/A

13. If applicable, date of purchase of this alleged account from previous debt collector, and purchase amount:

    Date: ………………………………………Amount:
    $……………………………………..……………….………………………….……………..…
    …………………………..…………………

14. Regarding this alleged account, Debt Collector is currently the:

    (a) Owner; (b) Assignee; (c) Other – explain:
    ………………………………………………………………………………………..

15. What are the terms of the transfer of rights re this alleged account?
    …………………………………………………………………………..………………
    …………..…………………………………

16. If applicable, transfer of rights re this alleged account was executed by the following method:

    (a) Assignment; (b) Negotiation; (c) Novation; (d) Other – explain:

17. If the transfer of rights re this alleged account was by assignment, was there consideration?
    YES  NO   N/A

18. What is the nature and cause of the consideration cited in # 17 above, if your answer was YES, explain?
    ………………………………………………….………………………………………..
    ……………………………………………………………………………………………..

19. If the transfer of rights re this alleged account was by negotiation, was the alleged account taken for value?
    YES   NO   N/A

20. What is the nature and cause of any value cited in #19 above, if you answer was yes?
..............................................................................................................
..............................................................................................................

21. If the transfer of rights re this alleged account was by novation, was consent given by alleged Debtor?   YES   NO   N/A

22. What is the nature and cause of any consent cited in # 21 above, if your answer was YES

..............................................................................................................

23. Has Debt Collector provided alleged Debtor with the requisite *verification* of the alleged debt as required by the *Fair Debt Collection Practices Act*?   YES   NO

24. Date said verification cited above in # 23 which provided alleged Debtor:
..............................................................................................................

25. Was said verification cited above in # 23 in the form of a sworn or affirmed oath, affidavit, or deposition?   YES   NO

26. Verification cited above in # 23, if your answer is YES, was provided alleged Debtor in the form of:   OATH   AFFIDAVIT   DEPOSTION

27. Does Debt Collector have knowledge of any claim(s)/defense(s) re this alleged account?   YES   NO

28. What is the nature and cause of any claim(s)/defense(s) re this alleged account?
..............................................................................................................
..............................................................................................................
..............................................................................................................
..............................................................................................................

29. Was the alleged Debtor sold any products/services by Debt Collector?   YES   NO

30. What is the nature and cause of any products/services cited above in # 29, if your answer was YES?
..............................................................................................................
..............................................................................................................

31. Does there exist a verifiable, bona fide, original commercial instrument between Debt Collector and alleged Debtor containing alleged Debtor's bona fide signature?   YES   NO

32. What is the nature and cause of any verifiable commercial instrument cited above in # 31, if your answer was YES?
..............................................................................................................
..............................................................................................................
..............................................................................................................

33. Does there exist verifiable evidence of an exchange of a benefit or detriment between Debt Collector and alleged Debtor?
YES   NO



34. What is the nature and cause of this verifiable conclusive evidence of an exchange of a benefit or detriment as cited above in # 33, if your answer was YES?

..............................................................................................................................

..............................................................................................................................

35. Does any absolute evidence exist of verifiable external act(s) giving the objective semblance of agreement between Debt Collector and alleged Debtor?   YES   NO

36. What is the nature and cause of any external act(s) giving the objective semblance of agreement from #35 above, if your answer was YES?

..............................................................................................................................

37. Have any charge-offs been made by any creditor or debt collector regarding this alleged account?   YES   NO

38. Have any insurance claims been made by any creditor or debt collector regarding this alleged account?   YES   NO

39. Have any tax write-offs been made by any creditor or debt collector regarding this alleged account?   YES   NO

40. Have any tax deductions been made by any creditor or debt collector regarding this alleged account?   YES   NO

41. Have any judgments been obtained by any creditor or debt collector regarding this alleged account?   YES   NO

42. Does the Debt Collector and/or the Creditor purport to have and to hold a "Verifiable Contract" where an equal exchange of consideration exists, between the Debtor, with the Debt Collector and/or the Creditor? YES   NO

43. What is the nature and cause of this Verifiable Contract, cited in #42 above, if answered YES?

44. Does the Debt Collector and/or Creditor purport to have and to hold a Verifiable Contract which purports to have a bona fide signature of Debtor?

YES/NO

45. Does the Debt collector and/or Creditor purport to have and to hold a Verified Contract, which purports to have a bona fide signature of alleged Debtor, which the Debt Collector and/or Creditor has first hand personal knowledge of, and will verify under oath, affirmation, deposition, under penalty of perjury? YES   NO

46. If Debtor and/or Creditor purport to have and to hold a Verifiable Contract, which purports to have a bona fide signature of Debtor, please produce a true, correct, and complete copy of said contract, and verify under oath, affirmation, deposition, under penalty of perjury that Debt Collector and/or Creditor has first hand, personal knowledge that Debtor's signature appears thereon, or state to have a bona fide signature, and will not, cannot verify under oath, affirmation, or deposition to having first hand, personal knowledge, as cited in #45 above, if answered YES?

1   ...........................................................................................................

2   47. Does the Debt Collector and/or Creditor, have any type or kind of verifiable claim, which
3   complies with all of the provisions set forth in the "Fair Credit Reporting Act" codified at 15
    USC 1681 et seq.? YES   NO

4   48. What is the nature and cause which Debt Collector and/or Creditor rely upon for such claim,
5   and what procedures were implemented in accord with the "Fair Credit Reporting Act" to
    investigate such claim, cited in #47 above, if answered YES?

6   49. Does the Debt Collector and/or Creditor, have verifiable facts which they rely upon in order to
7   provide the (Credit Reporting Agency) CRA, with information on alleged Debtor, which
    complies with the provision set forth in [15 USC 1681s-2], and which is verifiable in
8   accordance with [15 USC 1692g]? YES/NO

9   50. What is the nature and cause which Debt Collector and/or Creditor rely upon for such
10  verifiable facts, and what procedures were implemented in accord with the above said
    provisions cited in #49 above, if answered YES?

11  51. Did the Debt Collector and/or Creditor advise the alleged Debtor of the numerous rights which
12  he maintains as accorded in the "Fair Debt Collections Practices Act" codified at [15 USC
    1692 et seq.]? YES/NO

13  52. What is the nature and cause which the Debt Collector and/or Creditor relies upon which is
14  verifiable, and clearly and accurately identified how, and when the Debt Collector and/or
    Creditor, informed Debtor of such right accorded and cited in #51 above, if answered YES?
15

16  ...........................................................................................................

17  ...........................................................................................................

    53. Does the Debt Collector and/or Creditor have any verifiable, articulable facts which they rely
18  upon to furnish the (Credit Reporting Agency) CRA, with unverified, inaccurate, erroneous
19  information in violation of the provisions set forth in the "Fair Credit Reporting Act" [15 USC
    if 1681d, 1681i, 1681n, 1681o, 1681q, 1681s, 1681s-2]; and The Unfair or Deceptive Act or
20  Practices in Commerce in violation of 45(a) of the "Federal Trade Commission Act" codified
    [15 USCG 45(a)(b)]; and, "The Fai Debt Collection Practices Ac" codified [15 USC if
21  1691(b)(c)(d)(e)(f)(g)(i)(j)(k)]? YES/NO

22  54. What is the nature and cause of these verifiable, articulable facts which Debt Collector and/or
23  Creditor relies upon for providing unverified, inaccurate, erroneous information in violation of
    the provisions set forth and cited in #553 above, if answered YES, if answered NO, provide
24  proof positive of verifiable facts relied upon under path, affirmation, deposition and under
    penalty of perjury, that verifiable proof of claim exists.
25

26  ...........................................................................................................

27  ...........................................................................................................

28  ...........................................................................................................

1   ..............................................................................................................

2

3   Debt Collector's failure, both intentional and otherwise, in completely, unambiguously answering
    points "1" through "54" above and returning this Debt Collector Disclosure Statement, as well as
4   provide Respondent with the requisite *verification* validating the hereinabove-referenced alleged
    debt, constitutes Debt Collector's and alleged Creditor's tacit acquiescence that Debt Collector
5   and/or Creditor have no verifiable, lawful, bona fide claims against Respondent in above referred
6   alleged account or any and all other alleged accounts not specifically enumerated herein. Debt
    Collector and/or Creditor by its/their failure/refusal to respond, and/or its/their failure to provide
7   each and every verified requisite proof as requested herein within the thirty(30) day time period
    allowed, will constitute the Debt Collector(s) and/or Creditor(s) waiver of any and all alleged
8   claims against Respondent and indemnifies and holds harmless Respondent against any and all
9   costs and fees heretofore and hereafter incurred, including but not limited to any and all related
    collection attempts involving the herein above referenced alleged account and any and all related
10  accounts.

11

12

13  **Declaration**: The Undersigned hereby declares under penalty of perjury of the laws of this State
14  that the statements made in this Debt Collector Disclosure Statement are true and correct in
    accordance with the Undersigned's best firsthand, personal knowledge and belief.
15

16  _____          _____

17  Date                                                    Printed name of Signatory

18  _____          _____
    Official Title of Signatory                     Authorized Signature for Debt Collector

19
    Debt Collector must timely complete and return this Debt Collector Disclosure Statement, along
20  with all required documents referenced in said Debt Collector Disclosure Statement. Debt
    Collector's claim will not be considered if any portion of this Debt Collector Disclosure Statement
21  is not completed and timely returned with all required documentation, which specifically includes
22  the requisite *verification*, made in accordance with law and codified in the *Fair Debt Collection
    Practices Act* at 15 USC §1692 et seq., and which states in relevant part: "*A debt collector may not
23  use any false, deceptive, or misleading representation or means in connection with the collection
    of any debt,*" which includes "*the false representation of the character, or legal status of any
24  debt,*" and "*the threat to take any action that cannot legally be taken,*" all of which are violations
    of law.  If Debt Collector does not respond as required by law, Debt Collector's claim will not be
25  considered and Debt Collector may be liable for damages for any continued collection efforts, as
26  well as any other injury sustained by Respondent.  Please allow thirty (30) days for processing
    excluding the day of receipt after Respondent's and CRA(s) receipt of Debt Collector's and/or
27  alleged Creditor's response.

28

# UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
## CIVIL COVER SHEET

**I (a) PLAINTIFFS** (Check box if you are representing yourself ☐)

Mariano K. Yeo

**DEFENDANTS**

Hunt & Henriques,
Michael S. Hunt,
Janalie A. Henriques.

**(b)** Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)

Pro Se

Attorneys (If Known)

---

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff   ☑ 3 Federal Question (U.S. Government Not a Party)

☐ 2 U.S. Government Defendant   ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

---

**IV. ORIGIN** (Place an X in one box only.)

☑ 1 Original Proceeding   ☐ 2 Removed from State Court   ☐ 3 Remanded from Appellate Court   ☐ 4 Reinstated or Reopened   ☐ 5 Transferred from another district (specify):   ☐ 6 Multi-District Litigation   ☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☑ Yes  ☐ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** ☐ Yes  ☐ No   ☐ **MONEY DEMANDED IN COMPLAINT: $_____**

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)

FCRA AND FDCPA COMPLAINT.

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | ☐ 530 General | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 535 Death Penalty | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 540 Mandamus/ Other | ☐ 740 Railway Labor Act |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | BANKRUPTCY | ☐ 550 Civil Rights | ☐ 790 Other Labor Litigation |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | ☐ 151 Medicare Act | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | ☐ 555 Prison Condition | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 480 Consumer Credit | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | FORFEITURE /PENALTY | PROPERTY RIGHTS |
| ☐ 490 Cable/Sat TV | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 355 Motor Vehicle Product Liability | CIVIL RIGHTS | ☐ 610 Agriculture | ☐ 820 Copyrights |
| ☐ 810 Selective Service | ☐ 160 Stockholders' Suits | ☐ 360 Other Personal Injury | ☐ 441 Voting | ☐ 620 Other Food & Drug | ☐ 830 Patent |
| ☐ 850 Securities/Commodities/ Exchange | ☐ 190 Other Contract | ☐ 362 Personal Injury-Med Malpractice | ☐ 442 Employment | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 840 Trademark |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 195 Contract Product Liability | ☐ 365 Personal Injury-Product Liability | ☐ 443 Housing/Acco-mmodations | ☐ 630 Liquor Laws | SOCIAL SECURITY |
| ☐ 890 Other Statutory Actions | ☐ 196 Franchise | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 444 Welfare | ☐ 640 R.R. & Truck | ☐ 861 HIA (1395ff) |
| ☐ 891 Agricultural Act | REAL PROPERTY | | ☐ 445 American with Disabilities - Employment | ☐ 650 Airline Regs | ☐ 862 Black Lung (923) |
| ☐ 892 Economic Stabilization Act | ☐ 210 Land Condemnation | IMMIGRATION | ☐ 446 American with Disabilities - Other | ☐ 660 Occupational Safety /Health | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 893 Environmental Matters | ☐ 220 Foreclosure | ☐ 462 Naturalization Application | ☐ 440 Other Civil Rights | ☑ 690 Other | ☐ 864 SSID Title XVI |
| ☐ 894 Energy Allocation Act | ☐ 230 Rent Lease & Ejectment | ☐ 463 Habeas Corpus-Alien Detainee | | | ☐ 865 RSI (405(g)) |
| ☐ 895 Freedom of Info. Act | ☐ 240 Torts to Land | ☐ 465 Other Immigration Actions | | | FEDERAL TAX SUITS |
| ☐ 900 Appeal of Fee Determi-nation Under Equal Access to Justice | ☐ 245 Tort Product Liability | | | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 950 Constitutionality of State Statutes | ☐ 290 All Other Real Property | | | | ☐ 871 IRS-Third Party 26 USC 7609 |

---

**CV12 - 06559 PA (FMOx)**

**FOR OFFICE USE ONLY:** Case Number: _____

**AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.**

CV-71 (05/08) | CIVIL COVER SHEET | Page 1 of 2

**UNITED S...TES DISTRICT COURT, CENTRAL DISTR... OF CALIFORNIA**
CIVIL COVER SHEET

VIII(a). IDENTICAL CASES: Has this action been previously filed in this court and dismissed, remanded or closed? ☒ No  ☐ Yes
If yes, list case number(s): _____

VIII(b). RELATED CASES: Have any cases been previously filed in this court that are related to the present case? ☒ No   ☐ Yes
If yes, list case number(s): _____

Civil cases are deemed related if a previously filed case and the present case:
(Check all boxes that apply)   ☐ A.  Arise from the same or closely related transactions, happenings, or events; or
                              ☐ B.  Call for determination of the same or substantially related or similar questions of law and fact; or
                              ☐ C.  For other reasons would entail substantial duplication of labor if heard by different judges; or
                              ☐ D.  Involve the same patent, trademark or copyright, and one of the factors identified above in a, b or c also is present.

IX. VENUE: (When completing the following information, use an additional sheet if necessary.)

(a)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named plaintiff resides.
☐  Check here if the government, its agencies or employees is a named plaintiff.  If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| ORANGE | |

(b)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named defendant resides.
☐  Check here if the government, its agencies or employees is a named defendant.  If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| SANTA CLARA | |

(c)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH claim arose.
Note: In land condemnation cases, use the location of the tract of land involved.

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| ORANGE | |

* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties
Note: In land condemnation cases, use the location of the tract of land involved

X. SIGNATURE OF ATTORNEY (OR PRO PER): _Mariano Yeo_   Date 07/29/2012

Notice to Counsel/Parties:  The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge Percy Anderson and the assigned discovery Magistrate Judge is Fernando M. Olguin.

The case number on all documents filed with the Court should read as follows:

## CV12- 6559 PA (FMOx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.


All discovery related motions should be noticed on the calendar of the Magistrate Judge

=================================================================

**NOTICE TO COUNSEL**

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| | | |
|---|---|---|
| **[X] Western Division**<br>312 N. Spring St., Rm. G-8<br>Los Angeles, CA 90012 | **[] Southern Division**<br>411 West Fourth St., Rm. 1-053<br>Santa Ana, CA 92701-4516 | **[] Eastern Division**<br>3470 Twelfth St., Rm. 134<br>Riverside, CA 92501 |

Failure to file at the proper location will result in your documents being returned to you.

CV-18 (03/06)      NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

AO 440 (Rev. 12/09)  Summons in a Civil Action

# UNITED STATES DISTRICT COURT

for the
Central District of California

**FOR OFFICE USE ONLY**

| | |
|---|---|
| Mariano K Yeo | ) |
| ————————————— | ) **CV12-06559** *PA (FMOx)* |
| *Plaintiff* | ) |
| v. | ) Civil Action No. |
| Hunt & Henriques, Michael S. Hunt, Janalie A. Henriques | ) |
| ————————————— | ) |
| *Defendant* | ) |

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*   151 Bernal Rd, Ste
San Jose, CA 9511 **FOR OFFICE USE ONLY**

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:      Mariano K Yeo
PO Box 3210
Tustin, CA 92781

**FOR OFFICE USE ONLY**

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

CLERK OF COURT

*D Wayne Roberts*

Date:  _7/30/12_                           *Signature of Clerk or Deputy Clerk*

1146